**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LYNARIANE LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-15190 |
| | ) | |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| BECTON DICKINSON AND CO. | ) | |
| 'BD PUREWICK CORP'; | ) | |
| LIBERATOR MEDICAL SUPPLY | ) | |
| COMPANY; and | ) | |
| THE PUREWICK CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Becton Dickinson and Company ("BD"), Liberator Medical Supply Company ("Liberator"), and The PureWick Corporation, (collectively "Defendants"), respectfully moves this Court to dismiss all claims asserted in the Complaint [Dkt. 1] by Plaintiff LynAriana Lucas.[1]

**INTRODUCTION**

Plaintiff LynAriane Lucas brings this product liability action in her individual capacity alleging multiple counts against multiple defendants stemming from two allegedly defective catheters that Plaintiff claims caused or contributed to her mother's death. (Doc. 1.)

Plaintiff's Complaint should be dismissed as a shotgun pleading because it violates several of the shotgun pleading rule's core tenets that the Seventh Circuit has repeatedly condemned. The

---

[1] Defendants file this Rule 12(b) Motion without waiving or abandoning their defense that Defendants BD and The PureWick Company have not been properly served and that jurisdiction has not be established. *See Beveridge v. Mid-West Mgmt., Inc*., 78 F. Supp. 2d 739, 742 (N.D. Ill. 1999) ("the purpose of Rule 12(b), which provides how a defense must be asserted, was to eliminate the need for special appearances to challenge jurisdiction); *see also United States v. Republic Marine, Inc*., 829 F.2d 1399, 1402 (7th Cir. 1987) ("the general rule in civil cases is now (and has been for some time) that any appearance in an action is a general appearance").

1

Complaint collectivizes all faults and omissions to every Defendant, so is impossible to tell which failures and omissions are charged to which entity. It is also impossible to tell which factual allegations support which of Plaintiff's claims. In other words, the Complaint does not provide each Defendant with the information it needs to defend this suit, rendering it difficult for Defendants to file a meaningful Answer. Accordingly, the Complaint should be dismissed.

Even if the Court moved past this threshold issue that mandates dismissal, Plaintiff fails to substantively state a claim against Defendants. In crafting the Complaint, Plaintiff's allegations fall far short of the pleading standard required for this matter to proceed. Most importantly, Plaintiff does not allege that she is the executor, administrator, or otherwise a legal representative of her mother's estate, and as a result, she fails to state a claim upon which relief can be granted.

Plaintiff also failed to properly allege federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332, and even though she filed her complaint on October 20, 2023, she still has not properly served two of the three defendants.

Accordingly, Defendants respectfully requests that the Court dismiss Plaintiff's action for (1) failure to effectuate service under Fed. R. Civ. P. 12(b)(5); (2) failure to allege sufficient facts affirmatively establishing that the Court has subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); and (3) failure to state a claim for relief under Fed. R. Civ. P. 8(a) and 12(b)(6).

## BACKGROUND

On the first page of her Complaint, Plaintiff lists five claims sounding in products liability: "product liability causing injury and death by a defective medical or pharmaceutical product" (Count I); "product design defect" (Count II); "failure to warn/defect in marketing" (Count III); "public safety hazard" (Count IV); and "faulty instructions for use" (Count V). (Doc. 1 at 1.) All

five of these claims concern two allegedly defective catheters that Plaintiff alleges injured her mother and caused her mother's death. (Doc. 1 at 4.)

According to the Plaintiff, her mother (the decedent) used PureWick catheters for her urinary incontinence, and on two occasions, the PureWick catheter allegedly grew fungi and bacteria, "which led to her [mother] becoming infected and septic and onto events which caused her [mother's] injuries, severe suffering and death." (Doc. 1 at 3.) Plaintiff claims that she "would never have used the device had [she] known that the PureWick catheter would allow for growth and culture medium for contamination." (*Id*. at 5.)

Plaintiff alleges that the "PureWick device is presently owned by the BD (Becton Dickinson Company – purchased from PureWick) and is made, marketed and distributed by Becton Dickinson & Liberator Medical Supply Company." (Doc. 1 at 3.) For all other allegations in her Complaint, Plaintiff refers generally to an unidentified "company." To date, Liberator is the only defendant that has been served. (Doc. 31, 32.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc*., 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

3

is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## ARGUMENT

### I. Plaintiff's Complaint should be dismissed for failure to effect service of process.

After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). Unless the plaintiff can demonstrate good cause for being unable to do so, she must accomplish this service of process within 120 days of filing to avoid possible dismissal of the suit. Fed. R. Civ. P. 4(m). These service requirements provide notice to parties, *see Henderson v. United States*, 517 U.S. 654, 672, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), encourage parties and their counsel to diligently pursue their cases, *see Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir.1988), and trigger a district court's ability to exercise jurisdiction over a defendant, *see United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008).

A defendant may enforce the service of process requirements through a pretrial motion to dismiss. Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Homer v. Jones–Bey*, 415 F.3d 748, 754 (7th Cir.2005). If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m). As the text of the rule indicates, the decision of whether to dismiss

4

or extend the period for service is inherently discretionary, *Ligas*, 549 F.3d at 501, and we will review the district court's judgment only for abuse of that discretion. *Coleman v. Milwaukee Bd. of Sch. Dirs*., 290 F.3d 932, 934 (7th Cir. 2002); *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir.2010).

Plaintiff initiated this action on October 20, 2023, when she filed a complaint against three defendants: BD, The PureWick Corporation, and Liberator. (Doc. 1.) Even though summons were issued, and the U.S. Marshal's Office was directed to effectuate service on the defendants more than seven (7) months ago, *see* doc. 28, in the 265 days since the complaint was filed, Liberator is the only defendant that has been served. (*See* Docs. 31, 32.) Accordingly, Plaintiff has failed to properly serve BD and The PureWick Corporation within 120 days as required by Rule 4(m). Because Plaintiff still has not served BD or The PureWick Corporation with process within the time allotted by the Federal Rules of Civil Procedure, Plaintiff's claims against BD and The PureWick Corporation should be dismissed. *See* Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 4(m).

## II. Because Plaintiff's claims are time-barred, the Complaint should be dismissed with prejudice.

A dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice. *See* Fed. R. Civ. P. 4(m); *Ligas*, 549 F.3d at 501. The Seventh Circuit, however, held that dismissal with prejudice was appropriate where, like this case, the plaintiff did not meet Rule 4(m) and where the statute of limitations expired during the federal case. *Conover v. Lein,* 87 F.3d 905, 908 (7th Cir.1996) (holding that savings provision did not apply when first suit was dismissed for failure to timely serve defendant).

Relevant here, a survival action is a derivative action, subject to the statute of limitations for the decedent's original claim; here, the decedent's personal injury claims were subject to the two-year statute of limitations of 735 ILCS 5/13–202. *See Advincula v. United Blood Servs.,* 176

5

Ill.2d 1, 223 Ill. Dec. 1, 678 N.E.2d 1009, 1029 (1996). For wrongful death actions, the statute of limitations is two years from the decedent's death. 740 ILCS 180/2.

Because the decedent was allegedly injured on September 17, 2021 and October 16, 2021, and died on October 22, 2021 (Doc. 1 at 3), the claims against BD and The PureWick Company should be dismissed with prejudice because any refiled suit would be time-barred. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1007–08 (7th Cir. 2011) (holding that the district court did not err when it dismissed the claims with prejudice for failure to effect service based on the fact that the applicable statute of limitations had expired while the case was pending).

### III. The Complaint must be dismissed for lack of subject matter jurisdiction.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants move this Court to dismiss this action in its entirety because Plaintiff failed to allege sufficient facts affirmatively establishing that the Court has subject matter jurisdiction.

"It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007). Plaintiff has failed to properly allege federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Specifically, she did not state a claim involving a federal question, *see* 28 U.S.C. § 1331, and she did not plead any party's citizenship to establish diversity jurisdiction, *see* 28 U.S.C. § 1332(a). Indeed, Plaintiff's Complaint should be dismissed because it is devoid of any factual allegations to make out a *prima facie* case of jurisdiction.

Furthermore, Plaintiff seeks to sue on behalf of her mother's estate, but she has not established that she has standing to sue on behalf of the estate. Specifically, she does not allege that she is the estate's executor, administrator, or that she is otherwise a legal representative of the estate. *See* Section V, *infra*.

For these reasons, the Complaint should be dismissed for lack of subject matter jurisdiction. *See, e.g., Lueken v. Rich*, No. 21-CV-00770-SPM, 2021 WL 3545310, at *2 (S.D. Ill. Aug. 11, 2021) (granting motion to dismiss for failure to meet the basic pleading requirements, including a failure to establish standing to sue on behalf of plaintiff's husband's estate and subject-matter jurisdiction).

### IV.     Plaintiff's shotgun complaint must be dismissed.

Shotgun pleading is an impermissible tactic in which a plaintiff spews facts into a complaint but fails to connect the factual allegations to each of the claims. *United States Sec. & Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 777 (N.D. Ill. 2017). As a result, shotgun pleadings makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011); *see also Baity v. Johnson & Johnson,* No. 3:20-CV-01367-NJR, 2021 WL 3603489 (S.D. Ill. 2021) (holding that the shotgun pleading doctrine takes issue with those plaintiffs who . . . fail to articulate claims with sufficient clarity to put a defendant fully on notice as to their substance and permit a responsive pleading). Relevant here, pleadings fail when they assert multiple claims against "multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

As observed by the Seventh Circuit, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Accordingly, the Seventh Circuit has held that such pleadings violate Federal Rules of Civil

Procedure 8 and 10 because they do not "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

The Seventh Circuit prescribes strong remedies to correct shotgun pleadings, including dismissal under Rule 12(b)(6). *Stanard*, 658 F.3d at 798 ("Where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy"); *see also U.S. ex rel. Garst,* 328 F.3d at 378 (holding that if neither the adverse party nor the court can make out the essence of the claims, "dismissal of a complaint on the ground that it is unintelligible is unexceptionable").

As an initial matter, Plaintiff's Complaint does not comply with Rule 10 of the Federal Rules of Civil Procedure because the claims alleged are not asserted in numbered paragraphs that are each limited to a single set of circumstances. *See* Fed. R. Civ. P. 10. The lack of organization makes it difficult to determine the facts that constitute the alleged wrongful conduct, warranting dismissal. *See Stanard*, 658 F.3d at 798.

More importantly, Plaintiff's complaint collectively blames all Defendants for every aspect complained of therein. Although Plaintiff broadly alleges that her "mother was injured, suffered, and died as a direct consequence of the PureWick Catheter Device," Doc. 1 at 4, Plaintiff does not allege with any specificity what any Defendant did that was wrongful. Instead, she makes general allegations regarding "the company." *See, e.g.*, Doc. 1 at 4 ("The company advertises for the device's use"); *id.* ("the instructions provided by the company"); *id.* at 5 ("the company asked my mother's age and pre-existing conditions"); *id.* at 4 ("Company associated articles directly imply the 'external' PureWick Catheter device is superior for safety against UTI's and hence potential sepsis and death"). Because the Complaint fails to differentiate which acts and omissions each

Defendant purportedly made, Defendants cannot adequately defend this suit, and the Court should dismiss.

And even where Plaintiff tries to provide additional facts – like explaining that the product purportedly failed – the Complaint does not delineate which acts of which Defendant caused which result. For example, although Plaintiff alleges that the PureWick catheter is "made, marketed and distributed by Becton Dickinson & Liberator Medical Supply Company[,]"she also alleges that the "PureWick device is presently owned by the BD (Becton Dickinson Company – purchased from PureWick)." (Doc. 1 at 3.) The Complaint does not allege that the two catheters that the decedent used in 2021 were made, marketed or distributed by BD, Liberator, or The PureWick Corporation.

To give another example of the uncertainty surrounding Plaintiff's allegations against "the company," Defendants do not know if Plaintiff is making a claim for race and/or age discrimination. On page 5 of the Complaint, Plaintiff states: "Age discrimination – as the device is specifically advertised towards the elderly." (Doc. 1 at 5.) Plaintiff further alleges she "cannot discount the possibility Age and Race played a factor as well." (Doc. 1 at 6.) If Plaintiff is alleging discrimination based on age and/or race, her threadbare, unsupported allegations fail to put Defendants fully on notice as to their substance to permit a responsive pleading as there are no factual allegations concerning who allegedly unlawfully discriminated against her or her mother or what occurred as a result.

Finally, the Complaint lacks sufficient factual allegations to ascertain whether Plaintiff is making a claim under the Wrongful Death and/or Survival acts, *see* Section V(A) and (B), *infra*. *Cf*. Doc. 1 at 6 ("I have suffered greatly witnessing her suffer and die. I watched the resuscitation efforts and I have relived the events surrounding her suffering and death every night for the past 2 years") with *id*. at 4 ("My mother was injured, suffered, and died as a direct consequence of the

9

PureWick Catheter"). Defendants are mindful that Plaintiff is *pro se*, however, these sweeping factual recitations against "the company" fails to give any defendant notice of the specific facts and claims arrayed against it.

For these reasons, Plaintiff's Complaint is a shotgun pleading that violates Federal Rules of Civil Procedure 8 and 10 and should be dismissed.

V.    **The Complaint should be dismissed for failure to state a claim.**

Even if the Court moved past the threshold shotgun pleading issue that mandates dismissal, Plaintiff fails to substantively state a claim against Defendants. To survive a motion to dismiss, Plaintiff's complaint must contain factual allegations that go beyond legal conclusions or a formulaic recitation of the elements of a cause of action. *Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555.

On the first page of her Complaint, Plaintiff lists five claims sounding in products liability, and all five of these claims concern an allegedly defective catheter that the Plaintiff alleges "caused her [mother's] injuries, severe suffering and death." (Doc. 1.) As a result, Plaintiff purportedly seeks to sue Defendants for her deceased mother's personal injury claims under a theory of products liability (a claim under the Survival Act providing for the survival of a right of action the decedent had for damages the decent incurred) and/or Plaintiff seeks to sue Defendants for her own pecuniary injuries suffered as a consequence of the death of the decedent (a claim under the Wrongful Death Act). *See Erickson v. Baxter Healthcare, Inc.*, 94 F. Supp. 2d 907, 913 (N.D. Ill. 2000). This failure to adequately plead her causes of action leaves Defendants guessing as to which claims and under what theory Plaintiff seeks relief. *See* Section IV, *supra*.

With respect to the decedent's injuries, Plaintiff has not established that she has standing to sue on behalf of her mother's estate. Nor can she plead independent claims for products liability.

As discussed in more detail below, she must use the statutory provisions of the Survival Act and the Wrongful Death Act to plead the underlying legal theories of product liability, and Plaintiff's threadbare allegations simply do not meet the standard set by the Supreme Court in *Iqbal* and *Twombly* to survive a motion to dismiss. Because Plaintiff cannot bring these as stand-alone claims, and because she otherwise fails to state a claim for relief under the Survival Act and the Wrongful Death Act, Defendants respectfully requests that the Court dismiss Plaintiff's action for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

> A. Plaintiff fails to state a survival claim for products liability (Counts I, II, III, V) because she has not established that she has standing to sue on behalf of her deceased mother's estate.

Through the Survival Act, Illinois law allows product liability claims to survive death. The statute specifically provides that "actions to recover damages for an injury to the person" survive. 755 Ill. Comp. Stat. 5/27-6. "The Survival Act does not create a statutory cause of action. It merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died." *Advincula v. United Blood Servs.*, 678 N.E.2d 1009, 1029 (Ill. 1996). "As such, a Survival Act claim is a derivative action based on injury to the decedent but *brought by the representative of a deceased's estate in that capacity*." *Id.* (emphasis added).

Here, Counts I, II, III, and V are the deceased mother's personal injury claims. 755 Ill. Comp. Stat. 5/27-6 (listing "actions to recover damages for an injury to the person" as a survivable action). Plaintiff can therefore bring her mother's product liability claims under the Survival Act in her mother's stead as her estate administrator. As repeatedly stated throughout the case law, however, the claims that survive do not become separate claims but are brought by the deceased's estate administrator through the Survival Act. *Bass v. Wallenstein*, 769 F.2d 1173, 1189 (7th

11

Cir.1985) (finding that Illinois law provides for the survival of a decedent's claim for pre-death physical injuries and that a suit to recover damages for such injuries must be brought on behalf of the estate by the administrator); *Awalt v. Marketti*, No. 11 C 6142, 2012 WL 1161500, at *5 (N.D. Ill. Apr. 9, 2012) (A "claim under the Survival Act is a derivative one; it is brought by the decedent's representative but based on the injury to the decedent.") (citing *Advincula v. United Blood Servs.*, 678 N.E.2d 1009, 1029 (Ill.1996)).

To the extent Plaintiff seeks to sue Defendants on behalf of her mother's estate through the Survival Act, which she has failed to adequately plead, she nonetheless fails to state a claim for relief because she does not allege that she is the executor, administrator, or otherwise a legal representative of her mother's estate. Accordingly, Plaintiff fails to state a claim for products liability under the Survival Act, and the action must therefore be dismissed.

B. <u>Plaintiff fails to state a wrongful death claim.</u>

In her shotgun pleading, Plaintiff does allege that her mother used the PureWick catheter for her urinary incontinence, and that the PureWick catheter allegedly grew fungi and bacteria "which led to her [mother] becoming infected and septic and onto events which caused her [mother's] injuries, sever suffering and death." (Doc. 1 at 1.) To the extent Plaintiff attempts to allege a wrongful death claim sounding in products liability, she failed to state a plausible claim for relief because she has not established that she has standing to bring a wrongful death claim as the personal representative of her mother's estate.

The Wrongful Death Act provides that "[w]henever the death of a person shall be caused by [a] wrongful act, neglect or default" the person who or the company/corporation which is responsible "shall be liable to an action for damages, notwithstanding the death of the person injured." 740 Ill. Comp. Stat. 180/1. "[U]nlike the Survival Act, the Wrongful Death Act does not

provide for the survival of a right of action the decedent had for damages he incurred. It rather governs the right of the surviving spouse and next of kin to recover for their own pecuniary injuries suffered as a consequence of the death of the decedent." *Erickson,* 94 F. Supp. 2d at 913. The Wrongful Death Act "independently create[s] a statutory cause of action." *Awalt*, 2012 WL 1161500 at *5.

Because the action is viewed as a creature of statute, its conditions of liability proscribe the right of action itself and not merely the remedy alone. For instance, "the bringing of the suit in the name of the personal representative has been held to be a condition precedent to the right to recover damages." *Pasquale v. Speed Prod. Eng'g*, 654 N.E.2d 1365, 1378–79 (Ill. 1995). The personal representative must bring a single action on behalf of the class beneficiaries to avoid multiple lawsuits. *Hall v. Gillins*, 13 Ill.2d 26, 30 (1958); *see also Pruitt v. Jockisch*, 228 Ill. App. 3d 295, 591 N.E.2d 942 (1992) (requirement that action be brought by representative serves dual purpose of ensuring that interests of all beneficiaries are protected and of avoiding multiplicity of actions).

Here, Plaintiff fails to state a claim under the Wrongful Death Act because she fails to allege facts establishing that she is the executor, administrator, or otherwise a legal representative of her mother's estate. *See* 740 Ill. Comp. Stat. 180/2(a) (every wrongful death action "shall be brought by and in the names of the personal representatives of such deceased person"). *Cf. Kmak v. Sorin Grp. Deutschland GmbH*, No. 17 CV 4759, 2017 WL 8199974, at *4 (N.D. Ill. Dec. 12, 2017) ("Plaintiff properly brings a claim under the Wrongful Death Act as the estate administrator for the benefit of the surviving spouse and next of kin.").

Because the products liability claims alleged in the Complaint must be brought by the decedent's estate under both the Wrongful Death Act and the Survival Act, and because there are no

allegations establishing that the Plaintiff is the administrator of her mother's estate, she fails to state a claim for relief and the Complaint must be dismissed.

    C. <u>Plaintiff fails to state a failure to warn claim (Counts III, V).</u>

Plaintiff alleges broadly that she followed "the company's" instructions for use, that "the company" failed to warn "that this detrimental and deadly consequent could occur by design and by the company's how to USE instructions," and that she would not have used the device had she known that it would allegedly allow growth and culture medium for contamination, Doc. 1 at 5, but she fails to state a failure to warn claim because there are no factual allegations that would support an inference that any Defendant was aware of the alleged propensity of the decedent's catheter to allow "the growth and culture medium for contamination" or that the catheter "increased urinary tract infections" at the time of manufacture. *See Apperson v. E.I. du Pont de Nemours & Co.*, 41 F.3d 1103, 1107 (7th Cir. 1994) ("A manufacturer need warn only of dangers of which it knows or should know."); *see also Sollami v. Eaton*, 772 N.E.2d 215, 219 (Ill. 2002) ("A manufacturer has a duty to warn where the product possesses dangerous propensities and there is unequal knowledge with respect to the risk of harm, and the manufacturer, possessed of such knowledge, knows or should know that harm may occur absent a warning.").

In fact, the threadbare allegations in her Complaint leads to the opposite conclusion: that none of the Defendants were aware of this propensity. *See, e.g.*, Doc. 1 at 4 (alleging that "The PureWick Company and affiliates claim in product promotion campaigns – that there is a decrease in urinary tract infects in comparison to the standard indwelling catheters"); *id.* (alleging that "Company associated articles directly imply the 'external' PureWick Catheter device is superior for safety against UTI's and hence potential sepsis and death"); *id.* at 3-4 ("As stated by the company in a lawsuit… 'PureWick's female external catheter provides an incontinence solution

14

for women, designed to reduce catheter-associated urinary tract infections'"). For this additional reason, Plaintiff fails to state a claim for failure to warn.

### D. Plaintiff fails to state a claim for "hazard to the public" (Count IV).

Finally, Plaintiff fails to state a claim upon which relief may be granted in Count IV, because "Public Safety Hazard" is not a cognizable claim. Even if the law recognized a claim for "hazard to the public," based on an alleged "increased risk for others to become infected with use and possibly die as a consequence," Plaintiff does not have standing to pursue speculative injuries on behalf of other unknown "home users."[2] (Doc. 1 at 5.) Unlike the Plaintiff, who is a doctor that alleges that the contamination of her mother's catheter was "blatantly obvious," "[h]ome users are lay people (general public)" that "may not recognize contamination of wicks." (Doc. 1 at 5.) For these reasons, Plaintiff's "concern for the general public using the system" fails to state a claim for relief and must be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants respectfully moves this court for the entry of an Order dismissing all counts of Plaintiff's Complaint, with prejudice, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated: July 11, 2024                  Respectfully submitted,

By: */s/ Grace H. Burner*
Dawn M. Beery
Grace H. Burner
NELSON MULLINS RILEY & SCARBOROUGH
123 N. Wacker Dr., Suite 2100

---

[2] In order for a party to bring suit in federal court, three constitutional requirements for standing under Article III must be met: (1) the party must have personally suffered an actual or threatened injury caused by the defendant's illegal conduct; (2) the injury must be fairly traceable to the challenged conduct; and (3) the injury must be one that is likely to be redressed by a favorable decision. *United Transp. Union v. Surface Transp. Bd.* 183 F.3d 606, 611 (7th Cir. 1999) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

Chicago, IL 60606
Phone: 312-205-7950
dawn.beery@nelsonmullins.com
grace.burner@nelsonmullins.com

***Attorney for Becton Dickinson and Company, Liberator Medical Supply Company, and The PureWick Corporation***

Case: 1:23-cv-15190 Document #: 36 Filed: 07/11/24 Page 16 of 17 PageID #:171

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on July 11, 2024 with the Clerk of the Court by using the CM/ECF system, which will affect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

                                          */s/ Grace H. Burner*
                                          Grace H. Burner